Good morning, everyone. The first case is Puleo v. Chase Bank. Mr. Quirk, you have five minutes of uninterrupted presentation. Thank you. May it please the Court, Michael Quirk for the appellants Francis and Trish Puleo. With the Court's permission, I would like to reserve three minutes of my argument time for rebuttal. Yes. Thank you. The principal question presented by the Court is whether an unconscionability challenge to an arbitration agreement's class action waiver provision is to be decided by a court or an arbitrator. The answer to that question depends on the arbitration agreement at issue and how it Here, Chase's arbitration clause explicitly makes every term severable so that the remaining agreement will stay in effect even if any specific term is invalidated. Chase now says it didn't mean to do that with respect to the class action waiver. If that were so, it could have written a very different kind of arbitration clause as other companies have provides that invalidation of the class action waiver would invalidate the entire arbitration agreement. But it didn't do that. It did just the opposite. And by doing so, it made the class action waiver's validity an issue for the arbitrator because its validity does not implicate, does not raise a question of arbitrability, a question of whether the party should be under the Federal Arbitration Act. The Federal Arbitration Act determines the allocation of authority between courts and arbitrators in cases that involve an arbitration agreement. Under the FAA, courts generally decide disputes over the arbitrability of claims, while arbitrators generally decide all other disputes deemed to go to the merits of the claims. This framework was set out in the Supreme Court's first options decision. Although the Supreme Court hasn't provided a precise definition of what a question of arbitrability is, it has provided illustrations that questions of arbitrability include whether the parties are bound by a given arbitration clause, whether an arbitration clause applies to a particular type of controversy. These examples were given in the Supreme Court's Howsam decision, applying the first options framework. This court has synthesized these examples by saying that only when there, and this is in this court's certain underwriter's decision, that only when there is a question regarding whether the party should be arbitrating at all, is there a question of arbitrability presented for a court to decide. And we respectfully submit that that's not what is presented here based on the way this contract relates to the particular term that the plaintiffs are challenging. The Supreme Court's decisions have not specifically addressed what is the relationship between a term of an arbitration clause and the arbitration clause as a whole. But it has addressed similar questions and I think provided enough guidance to answer the question here. In the case of Greentree versus Basel, the court looked at the question of whether or not an arbitration clause allowed class actions and found that that didn't raise a question of arbitrability because it didn't go to whether the parties should be arbitrating at all. It went to what kind of arbitration would take place. And in that sense, that's also true of the dispute between the parties here. Greentree versus Basel also made another point that I think is relevant here, which is that the question of whether the arbitration clause in that case would allow class actions or not was one of state law. The opinion twice references state contract law as the basis for interpreting a provision. And we submit that under the possibly, the two states contract law that are possibly applicable here, both also support the finding that the class action waiver is severable and separable from the arbitration clause. Under Pennsylvania law, this court in the Spinetti decision looked at an arbitration clause that contained provisions regarding excessive costs and prohibiting awards of attorney's fees. And the court, in figuring out how those provisions related to the arbitration clause, applied the first restatement of- How would you define arbitrability? You said the court hasn't defined it. It's just given examples of it. How would you define that term? I would define it the way this court has defined it, which is where there is a question regarding whether the parties should be arbitrating at all. So it's an issue of whether they're bound by the agreement, number one. And number two, whether the dispute falls within the class that is arbitrable. Is that correct? Correct. Now, have you ever contended, you represent the plaintiffs, correct? Correct. And a motion to compel arbitration was filed. And in your response to that motion, did you contend that there was any issue at all about arbitrability of this case? We didn't. Our primary response in the district court is the primary argument that we're making here, which is that we don't dispute the requirement of arbitration, that we question the validity of the class action waiver, but that provision by itself, its validity doesn't raise a question of arbitrability. Before you even get to that, isn't this case unusual in that you have not contended that the issue as the class action waiver would render the arbitration agreement unenforceable? I can't find another case where that is a fact pattern. Is that correct? It does appear to be unusual in that respect. Well, that's not the only way it's unusual. It's hard to answer the question, nobody has ever tried this, because in all of the cases that we've looked at, what the court was faced with was a dispute over whether the arbitration clause as a whole was enforceable, and we never took that extra leap beyond the class action waiver to get to the whole arbitration clause. But you're not urging that. You're not urging that the issue would render the arbitration agreement unenforceable, so both parties are content and agree that the matter should go to arbitration. Is that correct? That's correct, and that's why what we filed in the district court was a partial opposition. We opposed enforcement of the class action waiver provision and asked that that question be reserved for the arbitrator, but didn't oppose the requirement of arbitration. The American Arbitration Association prohibits class arbitration of disputes where the party's agreement bans class arbitration, and that seems to be your case here, unless you obtain a court order. Now, how would you obtain a court order without the court first assessing whether the class ban is arbitrable or not? Well, the AAA policy statement, and this is in the appendix. I want to make sure that I accurately describe it. It's on page 108 of the appendix. The key provision of the AAA's policy statement on class actions, that the association is not currently accepting for administration demands for class arbitration where the underlying agreements prohibits class claims, consolidation, or joinder, unless an order of a court directs the parties to the underlying dispute to submit any aspect of their dispute involving class claims, consolidation, joinder, or the enforceability of such provisions. You read, in essence, what I read. Right, and so that's the AAA statement seems to contemplate exactly what we're asking for, which is to ask the court to authorize the arbitrator to decide this, and AAA says, if you have that, then we'll decide it. But to get that court order, doesn't the court have to assess whether the class action ban is conscionable or unconscionable? Isn't that exactly what the court did in this case? That is what the court did in this case, but the court doesn't have to do it. And really, because the AAA is willing to accept a dispute over the enforceability of the provision, in order for AAA to be able to do that, the court should not have decided its validity first, it can tee it up as a question for the arbitrator. It seems that it had no choice because the agreement itself told the court what to do. You mentioned the word invalidity before, but the agreement itself states, if any portion of this arbitration agreement is deemed invalid or unenforceable, the remaining portion shall be in effect, if any portion is deemed invalid. Now, isn't that a direction to the judge to determine whether any portion is deemed invalid before severability? In other words, isn't it a one, a two-step analysis? Well, the, I mean, save that, the case, the cases applying the FAA say that the court should only, should only decide an issue if it presents a question of arbitrability. I'm not referring to the FAA, I'm referring to your agreement with Chase. The agreement does say, if any portion is deemed invalid. But how can you sever unless the court analyzes whether the class action ban is invalid or not? Because in, the, if, if it's, if it's not invalid, then there's an individual's dispute to be arbitrated. If it is invalid, then there's a class dispute to be arbitrated. Does that not mean, does that not mean that the court has to assess conscionability or unconscionability before it decides whether to sever? I, I don't see any reason why it has to, or even why the contract tell, tells it to. The, the, the question is the validity of this one provision. And the contract doesn't say, the court shall decide the validity of the class action waiver. And it doesn't say, the arbitrator shall decide the validity of the class action waiver. It doesn't, it doesn't say either way, although it could have. How do you know whether to sever or not, unless you look at the clause and determine whether it's valid or not? Well, there's, there's nobody asking for, for, for non, non-severing. I mean, the positions are the whole thing is enforceable, or the whole thing minus the one provision is. But in either case, there's something to be sent to arbitration. And so the, the, the, the, the severability question, there's not, there's not a dispute of arbitrability arising out of the, the class waiver's validity. Does unconscionability implicate the binding nature of the agreement? Or is unconscionability essentially a defense to the enforcement? It's a, it's a defense to, to the enforcement. It looks at the, the manner of formation and the effect of the substance charge. In that case, doesn't Howsam specifically say that defenses to arbitrability, specifically says defenses to arbitrability are for the arbitrator to decide? Well. I mean, doesn't that help you? The, that, that, that's, that's a hard question. I mean, my, my take of the, the Howsam opinion was that the, if there is a dispute over whether the parties should be arbitrating, that, that at least under the first option framework, that's presumptively for a court to decide. And that's, as you said, we've said before, that's the, is it binding on the parties and it, does it fit within the class of disputes that are arbitrable? I'm just reading here, the presumption is that the arbitrator should decide allegations of waiver delay or a like defense to arbitrability that go to the enforceability. The, the, I mean, that, that language in the opinion, this court has subsequently addressed and well, I mean, this, the way this court subsequently addressed it was that where, I mean, it looked at different kinds of waiver and when, when you have an argument about waiver of a claim, which arguably is what was at issue in Howsam itself, when you have an argument about waiver of a claim, that goes to the underlying merits and that's for an arbitrator to decide, like the dispute in Howsam involving the NASD six year filing rule. But subsequent courts have said that when you have a question about waiver of arbitration, that that's presumptively for a court under the first options framework. And so while I think that the Howsam decision supports our position because what we present is not a question of arbitrability, I'm not sure that, that part of it as it's played out really has any bearing on, has any bearing on this. Howsam also talks about the reasonable expectation of the parties to the agreement, given the conclude that the expectation of the parties is that any dispute about the class action waiver would be decided not by the arbitrator, whose jurisdiction is so tightly constrained here, but by the court. The, well, we, our position is that the severability clause pushes the presumption the other way because the severability clause says with or without that provision, you have arbitration. And so the validity of that provision, the, you know, if it were, it would be separate. But the severability clause doesn't impact the jurisdiction of the arbitrator as agreed on by the parties. I see what you're saying. But that kind of backs into it because you still have this incredibly narrowly carved out exception to the otherwise very broad and sweeping authority of the arbitrator. It would seem as though under Howsam, we would conclude or presume that the intent of the contract was that anything getting near or touching on or bumping up against class action would be beyond the authority of the arbitrator to decide. And the court would have to decide that consistent with what Judge Fuentes asked you earlier, that absent that preliminary determination, you don't know what it is that the arbitrators, what is being submitted to the arbitrator. Except that because the contract provides for arbitration with or without that provision, then, you know, its validity doesn't go to the forum. It goes to what's going to happen within any forum. And what first options in Howsam and this court's decisions applying them say is that if you don't have a dispute over which forum that you're supposed to be in, then you don't have a question that's presumptively for a court to decide. To what extent does your position really give the arbitrator the essential right to determine its own jurisdiction? Does it give too much authority to the arbitrator? And the Supreme Court has cautioned about moving in that direction. Well, there's no dispute between the parties over the arbitrator's jurisdiction over the claims, the underlying claims. It's a question of how they're going to proceed. And that's how the Supreme Court looked at the dispute in the Basel case and said that, well, one side says the arbitration clause prohibits class actions. The other says it doesn't. And that's a dispute over the type of arbitration. That's not an arbitrability question. Under the first options framework, that gets decided by an arbitrator. And we submit that because of the severability clause here, the severability clause does the same thing to this dispute. And it would be very different if Chase had written this clause like some other companies have to provide either that the arbitrator shall decide the validity of the class action waiver. Who decides the severability of provisions in an arbitration agreement? Is it not the court?  But are you suggesting that this class action provision should be severed without any analysis by the district court judge? No. Because the contract on its face says that it's severable, because nobody is asking to There's nothing jurisdictional about this dispute that would prevent, like if an arbitrator decides it, either way, it doesn't lose jurisdiction over the dispute. I'm just trying to figure out what the role of the court is. I mean, under your theory, the district court has no role whatsoever in determining the validity of a clause before severance. It is merely done on application. Is that your view? In this particular case, where nobody raises the question of validity, the process here was Well, wait a minute. Isn't Chase saying it's valid? I mean, isn't that the essence of this case? Chase is saying this is a valid clause. You cannot go to arbitration. But the thing that's in dispute between the parties goes to the manner of proceedings and not to the jurisdiction of the forum. And so in that sense, where there's a severability provision and where there's no party asking to invalidate the entire arbitration clause, then in that situation, there is not a dispute over whether the case should be in arbitration. Well, you've said a couple times that this was a situation where it was like Green Tree. But in Green Tree, they were trying to figure out what the arbitration clause meant. Here, there's no question. It's clear on its face that there's an absolute prohibition on class arbitration. It's not up in the air. Nobody's saying it's ambiguous. It isn't that sort of circumstance at all. There's a clear prohibition. And so then, aren't we not talking about trying to figure out what the parties meant, which would be a contract interpretive issue, perhaps? But we're asking whether it's valid or not. We are directly confronted with the issue of validity, correct? And before you answer that, isn't this also, in effect, a gateway issue? I think to answer, I would say no, yes. But it's a difference in fact that doesn't arise to a difference in result. Because the severability provision says that the severability provision makes the class action waivers validity like the dispute in Green Tree, in that it doesn't implicate what form the parties should be in. That takes you back to Judge Fuente's question, though. The way it's written, it says, if it's invalid. It steps you through. It prescribes the order, doesn't it? It says, decide whether it's invalid. And if it is, then address severability. How do you get around that language? It doesn't say, then address severability. Then it says, it's severable, and the rest shall be enforced. Well, it doesn't say then. But isn't that implicit in saying, if? Then doesn't that then sort of exist naturally in the understanding that you have to first decide the question of validity? And like I said, then the then seems to me implicit. Why isn't it? Because under the FAA, the court only decides questions bearing on whether the parties should be arbitrating at all. And if at the end of that determination, one of two things is going to happen. Either it's invalidated, and you arbitrate on seeking class-wide basis, or it's valid, and you arbitrate individually. Isn't the point that was made by Judge Jordan in his question precisely the position the Second Circuit took in In Re American Express? It's a position it took. And as I read that opinion, it was unclear why. Because what happened there was the district court sent the dispute to arbitration. The plaintiffs appealed that determination. And the defendants basically argued not that it should have gone to arbitration, but that it was that the class action waiver was enforceable. So nobody was arguing that position. Help me with just one other matter. To what extent does your position rely upon the claims covered text within the agreement, and how? In two senses. One, well, in at least two senses. One, the clause specifically provides for the arbitration. This is on page 63 of the appendix. The arbitration agreement covers all claims. I want to make sure I use the right language. Arising from or relating in any way to the card member agreement. This is a dispute over the validity of a provision of the card member agreement. And it's a provision of the card member agreement that the agreement says doesn't implicate whether the party should be arbitrating. That it's- Let me follow up on Judge Smith's question. In American Express, the court held that a challenge to the explicit class action waiver, which is what you've got here, was in essence a challenge to the agreement. To arbitrate. And if there's a challenge to the agreement to arbitrate, that presents an arbitrability issue, which is a gateway issue for the court, going back to Judge Fisher's comment. Isn't that exactly what you've got here? An arbitrability issue for the court? No, for two reasons. One, American Express didn't address the effect of a severability provision, which can be read to say this is not an arbitrability question because it's validity doesn't implicate the form that you end up in. Do you disagree with the idea that if you challenge the class action ban, you're challenging the agreement to arbitrate? I don't think that lends itself to a one size fits all answer. I think that you need to look at the terms of the agreement in order to understand the relationship between the specific and the general. Certainly, in some of the cases that we cited on one of the last two pages of our brief, where an arbitration clause says if the class action waiver is invalid, the entire arbitration clause is invalid. Or even if it says the validity of the class action waiver is for a court. In those circumstances, the issue is properly decided by a court. It doesn't matter if the nature of the procedural issue here is really the entire substance. In this kind of agreement, what is really the entire game, if you will, is the class action. The dollars and cents that come out of the merits of the dispute are really irrelevant. It's whether or not the party has a right to pursue it as a class action. Does that at all impact how we should look at this case, in terms of whether or not it's an arbitrable issue or a procedural issue? That's a hard question to answer. I agree with the premise that whether or not there can be a class action is a very important question in a case like this. Where the individual's damages are a few hundred dollars. It is very important. No, it is. No, I think it's the question. I think Judge McGee is right. To the extent that it's the central question. And you have this broadly written arbitration clause that provides for arbitration of the broadest range of claims imaginable. And that's, I mean, it's languages. Except for the thing which is the whole game. But to the extent that it's that important, and not an aspect over where the dispute should play out. And I think that the- But it's not like splitting attorney's fees or some of the other matters that other cases have cited. This is the essence of the whole cause of action. And to use the importance of it as a reason for holding it back from the arbitrator, that really goes against decades of jurisprudence applying the FAA and saying that because something is important, you can't send it to an arbitrator. That's an impermissible line of argument. Is there no Supreme Court decision that discusses the issue that Judge McKee raised, i.e., whether you can have an exclusion of class actions from arbitration? That's a legal issue, right? That's a legal issue. Is that an arbitrability issue? It depends, I see my time is up, but it depends on the language of the contract. No, you can finish your answer, yes. Finish your answer, please. The answer is that it depends on the language of the contract. Under the language of the contract here, it's clearly not. Good. Thank you very much. We'll have you back on rebuttal. Ms. Thomas? Good morning. Good morning, your honors. Nancy Thomas and my co-counsel, Jeff Zaltz, on behalf of Chase Bank. And I want to start with a fundamental point, which is something you did not hear from the plaintiffs. Plaintiffs have not identified even one case in which the court held the challenge to the enforceability of the express class waiver is a question for the arbitrator. And that's not surprising because the Supreme Court decisions lead to the conclusion that the district court correctly ruled this was a question for the court. And I want to start on an issue that many of you and Mr. Cork touched on, which is the discussion of who decides, which the Supreme Court addressed in the first options case. And what the court said there is the question of who, the arbitrator or the court, decides an issue of arbitrability is very different from the question of whether a particular underlying dispute is arbitrable. And in the Supreme Court's words, who decides is a rather arcane question that the parties might not have considered. And they might not have focused on the significance of having an arbitrator determine his or her own authority. So in that circumstance, the presumption is switched. And the presumption is that the parties intended the court to decide issues of arbitrability. And Mr. Cork identified two issues of arbitrability that the Supreme Court has identified. In Basel, the court identified a third, which is questions of arbitrability include challenges to the validity of the arbitration agreement. In Housham, which we've also discussed this morning, in Housham, the court distinguished questions of arbitrability from ancillary procedural questions. Those are questions like, were the notice provisions complied with? Was there any latches here or any waiver? In that case, it was a statute of limitations issue that was actually a rule of the arbitration proceeding itself. Those kinds of ancillary procedural questions, those are the kinds of things that the arbitrator can decide. In Basel, the court then picked up again, confirmed that questions of validity are issues of arbitrability or gateway issues. But in that case, the court did not find that whether or not the case will proceed as a class action is a procedural matter. In fact, the court never reached the question of whether there was an issue of arbitrability because it found a fundamental ambiguity in the contract. So the question there was, did the parties agree to arbitrate as a class? And the court said, because this is an issue of contract interpretation and because of the broad scope of claims, this is a dispute, contract interpretation, is something that the parties likely expected that the arbitrator would decide and sent the case to arbitration. And I absolutely agree that with this court's statement in the Lloyds of London case, and Mr. Quirk has said, the fundamental question here is there's a question of arbitrability that the court must decide if there's a question regarding whether the party should be arbitrating at all. Enforceability of the express class waiver presents exactly that kind of question because the challenge to the enforceability of class waiver is a challenge to the agreement itself. It's absolutely incorrect that nobody in this case is disputing that this case should go to arbitration. It's Chase's position that the case should be arbitrated in accordance with its terms, that all of the terms are enforceable, but that if the plaintiffs are correct, they have challenged the enforceability of the class waiver, they've then put into play a two-step analysis. First, is the class waiver enforceable? Second, if it's not, what is the implication of that for the agreement as a whole? And that question, Chase says, absolutely, under established Delaware law and Pennsylvania law, although Chase would argue Delaware law applies here, the presence of a severability clause is not dispositive. There is no case that holds because there is a severability clause under either Delaware or Pennsylvania law that the clauses is automatically severable. In fact, what the law says is under Delaware law, the acid test is whether the parties would have entered into the agreement if they'd known the challenge provision was invalid. So when Chase put this severability clause into its agreement, it did so against the background of Delaware law. In Perea, the Third Circuit explained applying Pennsylvania law that the party urging severance, that would be the plaintiffs here, must show the essence, the essential term of the bargain was to arbitrate while the invalid provision was merely a minor consideration. Let me ask you this question. Assuming we start with the validity of the agreement rather than looking at the severability clause, what is your response to Howsam? Which is that not every challenge that is potentially dispositive of the issue of arbitration is a true question of arbitrability. That is, why isn't this a procedural arbitrability case and one for the arbitrator? What it involves defensive waiver and how do you get around that? And two responses, Your Honor. The first one is there is no question about the procedure that the parties agreed to here. The procedure that the parties agreed to in terms of what the arbitration would look like is an individual arbitration. There's absolutely no dispute. The question here is about validity. Is the express class waiver valid? And if so, what is the implication of that for the agreement as a whole? This is not an ancillary procedural matter. Go ahead. But is this a question as to whether the parties are bound by a given arbitration clause, as was the issue in Howsam? No, but there are three issues of arbitrability that the Supreme Court has identified. One is, are the parties bound? Both parties agree they're bound. Two is, is this a matter that the parties agreed to go to an arbitrator? And here the underlying dispute everybody agrees is something that would go to the arbitrator. But third, identified in Basel, is this a validity? Is the arbitration agreement valid? Well, that's not what the court said in Howsam. Howsam said that the question of arbitrability has a far more limited scope and limited arbitrability for the threshold issue to those two concepts. Are you bound? And does it apply to this dispute? But I believe Basel came after Howsam and, in fact, identified another issue of arbitrability. That's at 439 U.S. at 452. The court specifically found that questions of validity. And again, if you go back to first options, the question of who should decide. And I want to point out for your honors, this is not the typical case. In the typical case, it is the consumer who is arguing the class waiver is invalid and that invalidation. You drafted the contract, right? We did, your honor. And the way the contract reads is everything gets arbitrated, correct? That all underlying disputes get arbitrated. But in fact, as to questions of arbitrability, the only questions of arbitrability that are assigned to the arbitrator are the applicability of the agreement. Where does the contract say what you just said here? I mean, basically, the contract says all disputes, no matter what they are, get arbitrated. So it appears to be a significant incongruity that now you say, but not the class action waiver. Well, and in fact, where I would point you to is the Elliter case, which this court decided. Where in the contract is it? Yes, your honor. I'm sorry. I'm just looking for the contract language. The contract provides that any dispute may be resolved by binding arbitration. Exactly. And then if you continue, the court, it says questions as to the applicability of the agreement or the validity of the agreement as a whole. And this is critical. It goes right back to those assumptions. Don't you have an exception clause in the agreement? Everything is arbitrated except the class action waiver? No, but under first options, it is presumed that the parties did not intend to arbitrate the question of who decides, unless it is clear and unmistakable evidence. But the case, I'm sorry, go ahead. It's just in Elliter, this court specifically held the fact that you have a broad scope of underlying disputes that go to arbitration has nothing to do with whether or not the parties have agreed that issues of arbitrability, who decides the validity of the agreement itself goes to the arbitrator. But if there's anything clear in the case law, it's that arbitration is a matter of contract. And we have here an agreement that defines claims in a very, very broad way. And we have here an agreement that has a severability clause that shows a clear intent, unmistakable intent, that this, even if the elephant in the room, as some people would say, this big provision, there's no exclusion from the severability. And you're now saying in your brief that it wasn't your intent. Well, in the Christian case, a similar argument was made. And the court talked about the fact that how can we now, after the fact, say that you're saying your intent was something different than what's clearly manifested in the provisions of the contract? Should you not have deleted, oh, but class action waiver. If class action waiver is invalid, then there shall be no arbitration. Shouldn't you have had to do that in order to manifest that intent at the time? Absolutely not, Your Honor. And here's why. Look at Christian. Christian had a general severability clause. And the First Circuit said a general severability clause does not mean any provision is severable. What it means is you cannot sever the central, the critical part of the agreement. Which only now you're stating is the central critical part. There weren't any agreement that you say that that is the central critical part of what this is all about. But if you read the agreement, a whole paragraph of it in broad, in big, bold capital letters says this will be an individual arbitration. It also says that each of the parties to the arbitration agreement will decide the arbitrator, which is not what will happen if there is a class arbitration. None of the putative class members would get to choose the arbitrator, and neither would Chase for its dispute with them. I mean, the only thing that's central to the agreement is that everything gets arbitrated. Pardon me? If you want to say anything is central to the agreement, it's that everything gets arbitrated. I don't agree with that, Your Honor. And again, I would go back to the Elliter case and go back to first options. The Supreme Court said the presumption absent. But Judge Rendell and I are both saying, go back to your agreement. Yes, and if you go back to our agreement, there is no clear and unmistakable evidence. Can you say that everything gets arbitrated, but you cannot proceed in a class action, as a class action group? You can, but you, and that's exactly what we've done here, that the broad scope of claims are arbitrable, but only on an individual basis. And you cannot, absent clear and unmistakable evidence, find that Chase agreed that the question of who, who decides whether the class action waiver is enforceable, is a question for the arbitrator. But you would say that at the time that you entered this agreement, it was your intent that you did not want, that Chase did not want to arbitrate this case if there was no class action waiver. You throw the arbitration agreement out and proceed in court with a class action there. Is that what you'd have us think? Your Honor, Chase drafted this agreement with the backdrop of the Tracy case, which is the Delaware Supreme Court saying to decide whether or not- We can have legislation, but maybe there's legislators with a backdrop of case law. I don't think we construe a provision that says one thing, with your knowledge that a court is going to say it says something else. Your Honor, don't we construe the agreement against you? You know what? There's no contract construction here. There's no- But don't we, Judge Gares' point is, don't we presume that the agreement is to be construed against you? No, Your Honor, you do not. You look to the intent of the parties. None of the cases involving severability. If you look at the Erie Telecom case- Where is there in the agreement that the intent is that if there is an objection to the class action waiver that that must be decided by a court? I would put it exactly the opposite way, which is under first- Where is there in the agreement that? There is no clear and unmistakable evidence that the parties intended the question of the enforceability of the class waiver to be decided by the arbitrator. But if the presumption goes against you, you have to flip it the other way, don't you? Not under first options, Your Honor, which specifically says that here the presumption is there must be clear and unmistakable evidence for the court to find that a question of validity is to be decided by the arbitrator. And again, what I- If it's a question of validity, that kind of backs into the question. You're kind of answering the question with the question by defining that as going to a question of validity. Well, and the reason that the First Circuit, the Second Circuit, and the Eleventh Circuit have all found it's a question of validity is when a party challenges a provision as unconscionable- But today you're in the Third Circuit. I'm sorry? Today you're in the Third Circuit. Yes, Your Honor, but even in the Third Circuit, all of the courts, the Third Circuit has routinely decided that questions of unconscionability are questions for the court. All of the cases that we've been talking about, Perea, Spanetti, and in fact in Alexander, where the defendant there argued, this is a question for the arbitrator, the Third Circuit said no. But in those cases, in none of those cases, did you have the agreement by both parties that the matter should go to arbitration? Did you? And in fact, those cases, some of those cases had severability clauses. No, no, no. Did you, in any of those cases, was there an agreement by both parties that the matter was arbitrable? That the whole issue was to go to arbitration as compared to plaintiffs defending against a motion to compel arbitration on the basis that the arbitration agreement is invalid? But Your Honor, the question here, in all of those, there was a very broad scope of claims. That's very standard. That the subject matter of dispute. I conflated my question. Okay. Give me a case where both parties agreed that the matter, the dispute between them was arbitrable. But both parties do not agree to that here. Otherwise, there would be no dispute. Well, plaintiff agrees. No, no, plaintiff can't agree unless Chase agrees.  In accordance with the terms of the agreement. Chase compelled and moved to compel arbitration in accordance with the terms of the agreement. Why doesn't that say, since you moved to compel arbitration, that you want the arbitrator to determine whether or not the class action waiver is unconscionable? Because it is. Why isn't that the natural flow from your motion? Because arbitration is a question of what the parties, what the agreement provides. It's a matter of contract. What's your strongest argument for why an arbitrator is not well-situated to decide this issue? I don't believe that an arbitrator is well-situated to decide his or her own jurisdiction. That's what all the cases say, which is the arbitrator can decide matters from the four corners of the contract. How do you interpret this contract? That's what the court said in Basel. But here, the court would be deciding, is this clause enforceable as a matter in terms of general unconscionability provisions? And if so, is it severable? And that question goes to the arbitrator's entire authority. Does challenging the class action waiver challenge the entire arbitration agreement? Yes, Your Honor. And the reason for that is unconscionability is a two-step analysis. There are no cases in the record, plaintiffs are not pointed to one case, in which the court severed a class waiver. The question of unconscionability goes to, is this section enforceable? And if it is, if it is not, then the next question is, what is the impact of that decision on the enforceability of the agreement as a whole? It really sounds like you want us to rewrite the severability clause. I mean, the severability clause that you're getting out of this contract, relying upon the cases from all the other circuits, is very different from the wording, the text of the severability clause before us. And Your Honor, in both cases, in all the cases that we've cited, in the Tracy case, in Perea, and also in Alexander, all of those had the same severability clause that the court faces here, which is if any provision is found to be invalid, then that provision can be severed. And in none of those cases did the court say, automatically, you're right, the clause is severable. Instead, in all of those cases, the court said, we need to look at the intent of the parties. We have to look at whether or not that clause is so central that we can't sever it without basically taking out the entire heart of the agreement itself. And the question that the Delaware Supreme Court raised is, would the parties have agreed to this in the absence of that provision? That is the central question. You continue to cite the Delaware law. On what basis do you believe Delaware law applies here? There is a choice of law provision in the agreement, Your Honor, and under the restatement, that choice of law clause is valid, unless, as long as it has some connection to the parties, which here, it has a connection to the parties because Chase is located in Delaware. Wasn't this contract entered into with the consumers in Pennsylvania? The contract was entered into, Chase is located in Delaware, so where the contract is entered into would be, I would argue, would be Delaware. But all you have to find here is that there's some substantial connection, and if one party is from the place that's the chosen law, then that is sufficient. But regardless, in this case, the analysis- Would the analysis be the same regardless of which state law is being applied? Exactly, Your Honor, and I appreciate that. Here, under Pennsylvania law, Perea and Spinetti are two Third Circuit cases decided under Pennsylvania law. One had a severability clause, one didn't. The court did not say, oh, we have a severability clause in the first one, we're going to sever automatically. What does a severability clause mean, then, if one party can come in and say, well, sure, we said it's severable, but we didn't mean that. Holy smokes, we never would have agreed to that. I mean, doesn't that just write the severability clause out of it? That's what you're arguing. Severable, oh, it's severable. We didn't mean severable, we meant severable. Yeah. What does a severability clause mean if it doesn't mean severable? And I do think, and what this court has found under Pennsylvania law is the severability clause is relevant. I'm not suggesting you should ignore it, but what I am suggesting- I'm asking you, what are we to make of it? You say don't ignore it, but you say it doesn't count. How do you square that? Think about it, but then don't apply it? What do we do with it? And I don't think it's that it doesn't count. I think it's that where you have an issue that is so central to the agreement. So, for example, in Erie Telecom- Well, then tell me what it is. Instead of going to a case, tell me what you've got in this record that shows us that class action waiver is central to this agreement. You've gotten some pretty appointed questions from some members of the court about you could have drafted it to say that, and you didn't. So what do you have in the document, in the record that would tell us, yeah, that really is central? It's not just us after the fact getting up and saying, well, we didn't mean that. There's something in here that would point us to it. Yes, and, Your Honor, if you look at the language of the arbitration agreement itself first, in all caps, all bold letters, not once, but twice, the agreement says- Judge Jordan's asking a question about the severability provision. Well, and in fact, what I understood you to be saying is why is it that Chase argues that this provision is so central, that it is not severable? Am I misunderstanding the question? You got my question. Go ahead. So the question is, one, if you look at the face of the agreement, and as the First Circuit said in Christian, this is a huge, literally a large portion of the agreement. Second, as I've already- This, you just said this. What is it? You started to say in the agreement, in bold, twice, it says. What are you pointing to? What's the language you're relying on that says this is central to the agreement? It is that in all bold, all caps at the beginning, the court, I mean, the agreement says you will not be able to bring a class action or other representative action in court, such as that in the form of a private attorney general, nor will you be able to bring any claim in arbitration as a class action or other representative action. And it continues from there. It also provides further down that if a party elects to arbitrate a claim, the arbitration will be conducted as an individual action. Neither you nor we agree to any arbitration on a class or representative basis. Doesn't the case law, when you talk about a central term, we're not talking about something that's important to you. We're talking about something that, without which, there is no contract, such as a price term. Wasn't that the case in Erie? It was a price term. Is there any other case that you can tell us where it says, aha, if it's important, then severability doesn't apply? Well, the Delaware Supreme Court said that the acid test is whether or not the parties would have agreed. No, no, no, no, no. No, well, I look at it and I say, would they have agreed? Sure, because they didn't put an exclusion in the severability clause. It was that important. They should have put an exclusion. Which other companies have done. Yeah, what case says, aha, it's not just the price term where, without that, you just have no agreement. It's if this is really important to the parties, we're not going to say the severability clause applies. Which case tells us that? Because I couldn't find one. And I think all of the cases that we've cited where the court refused to sever tell us that. Which is, it's not there. Here, there is no price term. Here, the question is, what have the parties agreed will go to the arbitration? All the more reason that if it's in bold and they care about it, then they should have taken it out of the severability. What did they agree? So I could not find a case where it talks about something that's really important to us, so we didn't really need someone to do it. And I would point to the Loudon case in the Ninth Circuit, the Pfizer case from the New Mexico Supreme Court, and to Christian, all of which said, the class waiver is not severable. It is central to the agreement. So that is the support that we have. And also in Peretti and... But isn't the practice in the industry, with at least some other companies, to exclude the class action waiver from the severability provision? Yes. And you haven't done that here. That's right. And so in the typical case, Your Honor, the typical case, as I think Judge Rendell has pointed out, it's the consumer who's arguing that the class waiver is unenforceable, and as a result, the entire agreement is unenforceable. If the court were to find here that... Well, I think they've said everything can be arbitrated here, right? I mean, that's what really separates them from a lot of other cases. I don't agree with that. There is always, invariably, a broad scope of underlying claims. But the Supreme Court has repeatedly distinguished between the scope of the underlying dispute, going to arbitration, and the question of who decides. You have said that you would not have entered this agreement if it did not contain the class action waiver. Is there any support in the agreement itself for that proposition? And I would say that the support for that in the agreement is what we've discussed, which is the broad... Simply that it's a core portion of the agreement. Which then means you would prefer to not go to arbitration, but to go into federal court with a class action in federal court. Is that correct? That's exactly right. And in fact, in the typical case, that's what the consumer would prefer, right? No, I know that. I know that, but it strikes me as very unusual. It absolutely... That is something that Chase would want. And so in this case here, if the court were to rule, there's a severability clause, therefore, automatically, this is a question for the arbitrator. Then in the typical case where you have the consumer who argues, this class waiver is unenforceable, and as a result, the entire agreement is unenforceable, that would be a question for the arbitrator as well. But if we agree with Mr. Quirk, we have to send this case back to the district court, don't we? For an order that would then determine whether this goes to arbitration? As I understand it, what Mr. Quirk is asking for is for this court to order the district court to send the matter to arbitration so that the arbitrator can decide whether or not the class waiver is enforceable. So he wants us to order the district court to in turn order the arbitrator to accept the case? That would be my understanding of what he's asking for, Your Honor. And what Chase's position is is that the court did exactly what the Supreme Court has explained that it should do, which is there is a question of validity here. That is not a question that the parties expected or intended the arbitrator to decide. And going back to the... Strange because you're defining it and you've argued that that's a question of validity, but if you're right about that and if you're saying that the issue of class action is so key to your agreement to arbitrate, well, if the arbitration clause goes, so there is no arbitration, but you go into court, clearly they can bring a class action against you in court. So I can't get that. You're saying, well, we don't want a class action. We want to arbitrate, but we don't want a class action. But if you find that the class action part goes to validity and the court strikes it down, then we're going to go to court where we're faced with class action. Does that make any sense to you? And Your Honor, the reason it makes sense is that there's absolutely no law indicating that a judgment by an arbitrator in a class action is binding on absent class members. So Chase could go through all of the time and expense of class arbitration only to find that absent class members are not bound by res judicata. There also are incredibly limited appeals rights or review rights by the district court of an arbitrator's decision. And Chase would not have agreed to the, in terms of the increased liability and risk of a class action, Chase would never have agreed to where it's not going to get the speed and the arbitration. If you go into arbitration in a class situation and lose, well, you've lost against one consumer as opposed to thousands of them across the country. But the arbitrator will have, presumably, right, allowed discovery on class action. There would have been a class certification hearing. There then would be discovery for the class. There then would be an award for the class if Chase were to lose. All of that would happen. And in the end, there's a meaningless, it's too. Well, it could be. It is very nothing. It is exactly. Do I understand your position that if you would put an exception to the arbitration, to the severance clause in here, that this matter would be very simple. And your position would be, would probably prevail. But absent that, absent that, we've got a problem. And I'm not sure that you've, you've satisfied some of the questions that have been asked about severability here. And if I could try then once again, if you look at all of the case law, there's not one case under Pennsylvania or Delaware law that says there's a severability clause, therefore, automatically the issue is severable. But I asked you, what is the case? And I think the ones you cited are distinguishable. What is the case? It says if it's important or central and we can tell that it's important to the parties, then the severability doesn't apply. Well, and again, I think the issue of centrality is exactly what was decided in Erie Telecom, where it was a price term. Here, the central agreement is to arbitrate on an individual basis, where both parties get to choose the arbitrator. And that is what's central here. And the Christian case in the First Circuit, Loudon in the Ninth Circuit, those cases specifically address class waivers and agreed that in fact, the class action waiver is so central to the arbitration mechanism that under a general severability clause, those were general severability clause. Those are severability in the contract, not within the arbitration provision. No, they were no. So in Christian, there was a general severability clause in the arbitration agreement. In Christian, the court did sever, but it was because there was a savings clause in the class waiver itself, which we don't have here. So I see that my time is up. Are there any more questions? Good. Thank you very, very much. It feels like there's both a lot that the parties may actually agree upon and a lot that they don't. And it's a little bit, I'm not sure which is the most beneficial use of our time, but I'm going to start with some of the things that I think we agree upon, which is that the relationship between the class action waiver and the arbitration clause as a whole is a central issue here, and that it's important under both applicable Delaware and Pennsylvania law. The state contract law at issue in Delaware says that when finding a contract provision violative of public policy follows the well-established rule of construction that if it's separable, it should be stricken while the remaining provision should be enforced. Well, here there's a contract provision saying that it's separable. In Spinetti, with regard to Pennsylvania law, this court said, not inconsistently with anything that Ms. Thomas just argued, that if severance will not defeat the primary purpose of the bargain, you can sever a provision and enforce the remainder. Here, by providing for a severability provision, it said that however much those capital letters at the beginning, however much that may have been meant to signify notice, this arbitration agreement can go on without it. In fact, in Spinetti, the court addressed the unconscionability of a provision of the arbitration agreement and determined it was unconscionable and then referred the balance to arbitration. Why isn't that two-step procedure the appropriate procedure to follow? Because the parties, the plaintiffs in Spinetti, asked for more than the plaintiffs in this case are asking for. The plaintiffs challenged the validity of the entire arbitration clause and the severability clause was ultimately served to cut down their arguments. Here, we're not reaching, our argument is not reaching beyond the class action waiver. And by not reaching any further, and with the contract saying, you don't, I mean, not forcing us to reach any further, with nothing in the FAA or in state law forcing us to reach any further, then what's in dispute is the validity of a provision that goes to the manner of proceedings. And a point was made about those proceedings, that somehow a class action in arbitration would provide any less finality than one in court. On page 103 of the appendix, AAA's class action rules provide for the same kind of notice that would be provided in court. Now their argument is that perhaps there would be some kind of collateral challenge at the end of the day. The class wouldn't include anybody who wasn't bound by an arbitration clause and collateral challenges are something that happen after judicial class actions as well. And so there's nothing that the plaintiffs are seeking here that the law in any way prohibits and the contract facilitates it by providing for arbitration with or without the class action waiver. Thank you very much. Good. Thank you. Thank you, Mr. Quirk and thank you, Ms. Thomas. The arguments were excellent. Court will take the matter under advisement. Take a short recess. Leaving the chairs empty.